UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH BOYD, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )     No. 4:10CV633 TIA |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Reverse and Remand (filed October 13, 2010/Docket No. 19). The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c). The suit involves applications for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381 et seq. and for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et. seq.

## Procedural History

On April 17, 2007 ,Claimant filed an application for Supplemental Security Income under Title XVI of the Act, 42 U.S.C. §§ 1381, et seq. (Tr. 97-103)[1] and an application under the Social Security Act for disability insurance benefits under Title II of the Act, 42 U.S.C. §§ 401 et. seq. (Tr. 104-07) alleging disability since April 4, 2007. The applications were denied initially, (Tr. 56-60), after which Claimant requested a hearing before an Administrative Law Judge (ALJ). (Tr. 64-70, 71-72). On February 13, 2009, Claimant appeared at a hearing before the ALJ. (Tr. 18-48). On May 7, 2009, the ALJ issued a decision concluding that Claimant was not under a disability as defined by

---

[1]"Tr." refers to the page of the administrative record filed by Defendant with its Answer. (Docket No. 12/filed July 1, 2010).

the Social Security Act at any time through the date of the decision. (Tr. 6-17). The Appeals Council denied Claimant's request for review on March 9, 2010. (Tr. 1-5). Thus, the determination of the ALJ stands as the final decision of the Commissioner.

### Discussion

On April 14, 2010, Plaintiff filed this civil action for judicial review of the Commissioner's final decision, and the Commissioner filed an Answer on July 1, 2010. After review of the case, the agency counsel requested the Appeals Council of the Social Security Administration to reconsider the Commissioner's decision. Thereafter, the Appeals Council determined that remand to be appropriate for further consideration of Plaintiff's claim. On October 13, 2010, Defendant filed a Motion to Reverse and Remand, requesting that the ALJ's decision be reversed and that the action be remanded pursuant to sentence four of 42 U.S.C. § 405(g) to allow the ALJ to properly consider Dr. Julian Garcia's opinion in evaluating Plaintiff's residual functional capacity ("RFC") and to obtain evidence from a medical expert to develop and explain the limitation to no exposure to strong magnetic fields. Moreover, the ALJ will incorporate those limitations into his RFC assessment and utilize a vocational expert to assess the impact of those limitations on Plaintiff's occupational base.

Two sentences in 42 U.S.C. § 405(g) govern remands. Shalala v. Schaefer, 509 U.S. 292, 296 (1993); Melkonyan v. Sullivan, 501 U.S. 89, 96 (1991). Defendant requests a remand under sentence four, which states that upon review of Social Security determinations, "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with our without remanding the cause for a rehearing." Sentence four requires substantive ruling on the correctness of the administrative decision. Melkonyan, 501 U.S. at 98; Buckner v. Apfel, 213 F.3d 1006, 1010 (8th Cir. 2000). Further, case law suggests that a district court should conduct a plenary review of the entire record before entering a judgment affirming, modifying, or reversing the Commissioner's decision with or

without a remand order.  See Schaefer, 509 U.S. at 297; Buckner, 213 F.3d at 1010.[2]

The undersigned has reviewed the record in light of Defendant's assertions in the Motion to Reverse and Remand.  Because the Appeals Council has agreed that remand is warranted, little discussion is necessary.  Therefore, in light of the errors committed by the ALJ, the case should be reversed and remanded for further proceedings.  On remand, the ALJ should consider Dr. Julian Garcia's opinion in evaluating Plaintiff's residual functional capacity ("RFC") and obtain evidence from a medical expert to develop and explain the limitation to no exposure to strong magnetic fields. Moreover, the ALJ should incorporate those limitations into his RFC assessment and utilize a vocational expert to assess the impact of those limitations on Plaintiff's occupational base.  Because Defendant agrees that the case should be reversed and remanded, and Plaintiff has no objection, Defendant's Motion to Reverse and Remand under sentence four will be granted.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Reverse and Remand (filed October 13,2010/Docket No. 19) is **GRANTED** and this cause be reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

Dated this  20th  day of October, 2010.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

---

[2] The undersigned agrees that sentence four's phrase "upon the pleadings and transcript of the record" supports the interpretation that plenary review is necessary before remand.  However, the statute does not explicitly mandate such in depth evaluation.  In the instant case, such review would serve no useful purpose, as the Commissioner has moved for a sentence four remand based upon infirmities in the ALJ's decision, and the claimant has no objection to such motion.